**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**ERNESTO SANTIAGO-ROBLES,**

        **Petitioner,**

v.                                    Case No:  6:15-cv-943-Orl-37DAB

**SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS
and ATTORNEY GENERAL, STATE
OF FLORIDA,**

        **Respondents.**
_____/

**ORDER**

This cause before the Court on Petitioner's Motion for Protective Federal Petition Along With Stay and Abeyance of Pending Habeas Corpus ("Motion," Doc. 23). Petitioner has filed an Amended Petition for Writ of Habeas Corpus ("Amended Petition," Doc. 7) pursuant to 28 U.S.C. § 2254. However, Petitioner acknowledges in the Motion that he currently has pending in the state appellate court an appeal of the denial of his motion for postconviction relief, which concerns the judgment and sentence under attack in this case. (Doc. 23 at 1).

The Court must dismiss petitions that contain both exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Thus, when a federal habeas petition contains claims that are still pending in the state courts, and therefore unexhausted, the petition must be dismissed in order to provide the state courts with the opportunity to resolve the pending claims. *See Horowitz v. Wainwright*, 709 F.2d 1403, 1404 (11th Cir. 1983) ("[t]he principles of comity that form the basis for the exhaustion

requirement clearly would be violated by allowing [Petitioner] to simultaneously pursue [his] appeal in Florida state court and [his] Section 2254 petition[] in federal court."); *Durham v. Wyrick*, 545 F.2d 41, 43 (8th Cir. 1976) (claims asserted in a federal habeas petition, which were also pending before a state court in a motion for postconviction relief, were unexhausted).  Having himself chosen to pursue collateral relief in State court, Petitioner may not now simultaneously maintain a federal petition for writ of habeas corpus.  As a result, Petitioner will be required to show cause why this case should not be dismissed in light of the pending appeal with the state appellate court.[1]

The Court also declines Petitioner's request to hold these proceedings in abeyance pending the disposition of his state court proceedings.  In *Rhines v. Weber*, 544 U.S. 269, 277 (2005), the Supreme Court held that "stay and abeyance should be available only in limited circumstances" in section 2254 habeas actions.  *Id.* at 277.  The Court explained that stays of federal habeas cases frustrate the finality and streamlining purposes of federal habeas law.  *Id.* Thus, a stay in this context is appropriate only where a petitioner has "good cause" for his failure to exhaust his claims in state court.  *Id.*  Here, Petitioner has not demonstrated good cause.[2]

---

[1] Further, the pending state proceeding might result in the reversal of Petitioner's conviction and eliminate the federal question, thereby rendering any decision by this Court moot and wasting precious judicial resources.  There is no indication that excessive delay has violated his right to due process or rendered state process ineffective, and Petitioner has not shown that existing circumstances render his available state remedies ineffective to protect his rights.

[2] The Court notes that the time during which Petitioner's claims are pending in the state courts in a properly filed application for collateral review is excluded from the one year period of limitation under 28 U.S.C. § 2244(d)(2).  However, the Court is not

2

Accordingly, it is hereby **ORDERED** as follows:

1.  Petitioner's Motion for Protective Federal Petition Along With Stay and Abeyance of Pending Habeas Corpus ("Motion," Doc. 23) is **DENIED**.

2.  Petitioner shall show cause within ten (10) why this case should not be dismissed in light of the pending appeal in the state appellate court.  The failure to comply will result in the dismissal of this case without further notice.

**DONE** and **ORDERED** in Orlando, Florida on June 7th, 2016.



ROY B. DALTON JR.
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Party
OrlP-2 6/7

---

making a determination as to whether any future federal habeas corpus petition filed by Petitioner will be deemed timely.

3