**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**ERNESTO SANTIAGO-ROBLES,**

        **Petitioner,**

v.                                          **Case No:  6:15-cv-943-Orl-37DAB**

**SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS
and ATTORNEY GENERAL, STATE
OF FLORIDA,**

        **Respondents.**
_____/

## ORDER

This cause is before the Court on the Amended Petition for Writ of Habeas Corpus ("Amended Petition," Doc. 7) filed by Petitioner pursuant to 28 U.S.C. § 2254. Respondents filed a Response to Petition ("Response," Doc. 13) in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts*. Petitioner filed a Reply (Doc. 29) to the Response.  For the reasons set forth herein, the Amended Petition is denied.

### I.   PROCEDURAL BACKGROUND

The State Attorney of the Ninth Judicial Circuit charged Petitioner by information in Orange County, Florida with two counts of lewd or lascivious molestation (counts one and two) and one count of lewd or lascivious exhibition (count three).  (Doc. 14-8 at 11-13).  A jury found Petitioner guilty of all three counts.  (Doc. 14-9 at 23-27).  The trial court adjudicated Petitioner guilty of the crimes and sentenced him to imprisonment for a term of 127.5 months as to each of counts one and two, with the sentences to run

concurrently, and to probation for a term of 5 years as to count three. (*Id.* at 28-32; Doc. 14-10 at 18-22). Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal ("Fifth District"), which affirmed and remanded for correction of judgment. (Doc. 14-15 at 28). The Fifth District found that the judgment should have reflected that, in count three, Petitioner was convicted of lewd or lascivious exhibition.

Petitioner next filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, which the trial court denied. (Doc. 14-16 at 1-96; Doc. 14-17 at 86-89). The Fifth District affirmed *per curiam*. (Doc. 14-18 at 68).

Petitioner also filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.853, which was denied. The Fifth District affirmed the denial *per curiam*. (Doc. 28-1 at 7).

## II. LEGAL STANDARDS

### A. Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."[1] *Id.*

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the

---

[1] In considering the "unreasonable application" inquiry, the Court must determine "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409. Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

## B.     Standard for Ineffective Assistance of Counsel

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[2] *Id.* at 687-88.  A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  *Id.* at 689-90.  "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989)

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight.  *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their

---

[2] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

> own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

### III.   ANALYSIS

#### A.   Claims One and Two

Petitioner argues in claim one that he was denied a fair trial when the trial court erroneously admitted the victim's bed sheets at trial. (Doc. 7 at 5). He argues that his due process rights under the Fifth and Fourteenth Amendments were violated. (*Id.*). Petitioner argues in claim two that he was denied a fair trial when the trial court erroneously allowed the introduction of other crimes and bad acts at trial. (Doc. 7 at 8). He argues that his due process rights under the Fifth and Fourteenth Amendments were violated. (*Id.*).

Claims one and two were raised in Petitioner's direct appeal. However, Petitioner only apprised the state court that these claims involved a violation of state law. Petitioner made no reference to the federal constitutional issues raised here. *Ziegler v. Crosby*, 345 F.3d 1300, 1307 (11th Cir. 2003) (finding that the petitioner's federal habeas claims were not raised in the state court when the direct appeal made no reference to the federal constitutional issues raised in the federal habeas petition. Petitioner did not alert the state court to the fact that he was asserting claims under the

United States Constitution. "[O]nly claims that were raised as federal constitutional issues before the state courts have been exhausted in the state courts." *Snowden v. Singletary*, 135 F.3d 732, 736 n.4 (11th Cir. 1998). Thus, claims one and two are unexhausted.

Moreover, since he would be precluded from now raising these claims in the state courts, they are procedurally defaulted.[3] Petitioner has not shown either cause or prejudice that would excuse the default. Likewise, Petitioner has neither alleged nor shown the applicability of the actually innocent exception. The entire record has been reviewed, and the Court concludes that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, claims one and two are denied.

**B.     Claim Three**

Petitioner asserts that the trial court erred when it failed to grant his request for a continuance. (Doc. 7 at 11). He states that a continuance would have allowed him to present the testimony of his mother and "other possible defense witnesses." (*Id.*). This claim was raised on direct appeal.

"[A] trial court's ruling on a motion for mistrial [is reviewed] under an abuse of discretion standard. Such a motion should be granted "only when it is necessary to ensure that the defendant receives a fair trial." *Mosley v. State*, 46 So. 3d 510, 525 (Fla. 2009) (quotation and citations omitted). Under Florida law, in order to prevail on a

---

[3] There are two exceptions to the procedural default bar. The first is the "cause and prejudice" exception; the second, which is a narrow one, is the "actually innocent" exception, also known as the "fundamental miscarriage of justice" exception, used in extraordinary circumstances. *See Johnson v. Singletary*, 938 F.2d 1166, 1174-75 (11th Cir. 1991).

motion for continuance based on the absence of a witness, the defendant must demonstrate: "(1) prior due diligence to obtain the witness's presence; (2) substantially favorable testimony would have been forthcoming; (3) the witness was available and willing to testify; and (4) the denial of the continuance caused material prejudice." *Id.*

In the present case, Petitioner's counsel moved for a continuance on the first day of testimony, after the jury had been selected and sworn. (Doc. 14-1 at 21). Petitioner's counsel advised the trial court that Petitioner wanted his mother to testify at the trial but that she had left for Puerto Rico before the trial. (*Id.*). Petitioner's counsel knew of her as a potential witness "a long time ago" and attempted to meet with her, but she failed to show up at the scheduled meeting. (*Id.* at 21-22).

Petitioner failed to show due diligence in obtaining his mother's presence, and he did not demonstrate that his mother would have provided substantially favorable testimony. Moreover, his mother was unavailable to testify as she was in Puerto Rico, and there has been showing that the denial of the continuance caused material prejudice.

Consequently, the Court finds that the trial court did not erroneously deny the motion for a continuance. As such, Petitioner has failed to demonstrate that the state court's decision rejecting his claim was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Applying the AEDPA's deferential standard, claim three is denied.

    **C.**    **Claim Four**

Petitioner argues that trial counsel was ineffective based on the following: (1) counsel failed to call potential exculpatory witnesses; (2) counsel failed to have Petitioner's DNA compared to the DNA extracted from the victim's bed sheets; (3) counsel failed to object when the prosecutor made reference to uncharged crimes and to irrelevant evidence; (4) counsel failed to investigate certain witnesses; (5) counsel failed to file a motion in limine and a motion to suppress physical evidence; and (6) the cumulative effect of counsel's errors entitles Petitioner to relief.

### 1. Issues One and Four

Petitioner states that counsel failed to call potential exculpatory witnesses and to investigate other witnesses. These issues were raised in Petitioner's Rule 3.850 motion and were denied because the testimony elicited from these witnesses would have been irrelevant and would not have changed the outcome of the trial. (Doc. 14-17 at 86-87).

Petitioner mentions Maria Robles Camacho (his mother), Daisy Soto (his sister), Alcides Soto (his brother-in-law), Diana Delawrence (his niece), and Luis Gomez (his previous attorney) as potential witnesses. (Doc. 7 at 13, 19). He contends that these witnesses would have "contradicted state witness testimony." (*Id.* at 13-15).

Petitioner attached the affidavits of Robles, Delawrence, and Daisy Soto to his Rule 3.850 motion. (Doc. 14-16 at 29-31). Petitioner did not provide affidavits from the other two witnesses, but he stated that Alcides Soto would have testified that Robles lived in the same house the entire time the victim lived there and that he had consulted Gomez for legal advice regarding custody issues concerning the victim. (*Id.* at 7).

Petitioner has failed to identify any specific information that any of these witnesses had regarding the crimes charged in this case. Moreover, Petitioner failed to show that any of these witnesses would have provided relevant testimony.

Under the circumstances, there has been no showing that counsel acted deficiently or that Petitioner sustained prejudice. As such, the state court's rejection of this claim was not contrary to, nor did it involve an unreasonable application of, clearly established Supreme Court precedent, nor was it based upon an unreasonable determination of the facts in light of the evidence presented. As a result, issues one and four are denied.

### 2. Issue Two

Petitioner states that counsel failed to have Petitioner's DNA compared to the DNA extracted from the victim's bed sheets. This issue was raised in Petitioner's Rule 3.850 motion and was denied because counsel did not act deficiently.

At trial, the trial court admitted the victim's bed sheet into evidence, and the State indicated that it would be calling a DNA analyst to show the relevance. (Doc. 14-3 at 25). However, when it was time to call the analyst, the prosecutor informed the trial court that his office had failed to properly secure the witness' presence at trial that day. (Doc. 14-4 at 10). The trial court refused to continue the case, and the State rested without presenting the testimony of the DNA analyst. (*Id*. at 12). Petitioner's counsel moved to exclude the bed sheet from evidence, and the trial court denied the request. (*Id*. at 13-17). When the State asked the trial court for permission to explain why there was no expert, the trial court denied the request. (Doc. 14-6 at 10-11).

Petitioner has not shown that counsel acted deficiently or that he sustained prejudice. First, the State never presented any DNA evidence, and, since the analyst was never called as a witness, the State was unable to argue about the significance of the bed sheet. Second, Petitioner's counsel took advantage of that situation and argued at closing that the State had failed to show that Petitioner's DNA was on the bed sheet. (Doc. 14-6 at 5). Third, Petitioner has failed to show that a DNA expert would have testified that the DNA on the victim's bed sheet did not belong to him. Finally, Petitioner's counsel moved to have the bed sheet removed from evidence and successfully argued to prevent the State from offering any explanation regarding the bed sheet.

As such, the state court's rejection of this claim was not contrary to, nor did it involve an unreasonable application of, clearly established Supreme Court precedent, nor was it based upon an unreasonable determination of the facts in light of the evidence presented. As a result, issue two is denied.

        3.    *Issue Three*

Petitioner states that counsel failed to object when the prosecutor made reference to uncharged crimes and to irrelevant evidence. Petitioner raised this issue in his Rule 3.850 motion, but he did not appeal the denial of this issue to the Fifth District. The failure to appeal the denial results in a procedural default. *See Leonard v. Wainwright*, 601 F.2d 807, 808 (5th Cir. 1979) (exhaustion requires not only the filing of a Rule 3.850 motion, but also an appeal of its denial).

Petitioner has not shown either cause or prejudice that would excuse the default. Likewise, Petitioner has neither alleged nor shown the applicability of the actually innocent exception. The entire record has been reviewed, and the Court concludes that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, issue three denied.

### 4. Issue Five

Petitioner states that counsel failed to file a motion in limine and a motion to suppress physical evidence. He identifies that physical evidence as "DNA evidence, including bed sheets." (Doc. 7 at 20). This issue was raised in Petitioner's Rule 3.850 motion and was denied because "there was no DNA evidence presented by the State, [and therefore] counsel could not be deemed ineffective for failing to file a motion to exclude it." (Doc. 14-17 at 88).

The Court agrees with the trial court. Since there was no DNA evidence presented by the State, counsel was not ineffective for moving to exclude it. Further, as previously discussed, counsel moved to exclude the bed sheet from evidence. Petitioner has failed to show the counsel acted deficiently or that he sustained prejudice with regard to this matter.

As such, the state court's rejection of this claim was not contrary to, nor did it involve an unreasonable application of, clearly established Supreme Court precedent, nor was it based upon an unreasonable determination of the facts in light of the evidence presented. As a result, issue five is denied.

### 6. Issue Six

11

Petitioner states that the cumulative effect of counsel's errors entitles him to relief. None of Petitioner's individual claims of error or prejudice have any merit, and therefore the Court has nothing to accumulate. The Eleventh Circuit Court of Appeals has made clear that when "[t]here [is] no error in any of the [trial] court's rulings, the argument that cumulative trial error requires that this Court reverse [the defendant's] convictions is without merit." *Morris v. Sec'y, Dep't of Corr.*, 677 F.3d 1117, 1132 (11th Cir. 2012). As a result, claim six is denied.

Allegations not specifically addressed herein are without merit.

### IV. CERTIFICATE OF APPEALABILITY

This Court should grant an application for a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). However, the petitioner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner fails to demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner fails to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

### V. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Amended Petition for Writ of Habeas Corpus (Doc. 7) is **DENIED**.

2. This case is **DISMISSED with prejudice**.

3. Petitioner is **DENIED** a certificate of appealability in this case.

4. The Clerk of the Court is directed to enter judgment in favor of Respondents and to close this case.

**DONE** and **ORDERED** in Orlando, Florida on November 7th, 2016.

ROY B. DALTON JR.
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Party
OrlP-2 11/7

13